IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TY A. HANSON,

                Plaintiff,

v.                                                   OPINION & ORDER

KEVIN OTROWSKI, MARATHON COUNTY JAIL        15-cv-194-jdp
STAFF, NURSES, and SUPERVISOR,

                Defendants.

---

Plaintiff Ty A. Hanson, a prisoner at the Stanley Correctional Institution, has filed this proposed lawsuit in which he alleges that when he was taken into custody, he was not treated properly for injuries he suffered in a car accident. Plaintiff has paid an initial partial payment of the filing fee for this lawsuit, as previously directed by the court.

The next step in this case is to screen plaintiff complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because plaintiff is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing plaintiff's complaint with these principles in mind, I conclude that it must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8. I will give plaintiff an opportunity to correct these problems.

ALLEGATIONS OF FACT

In June 2013, plaintiff was in a motor vehicle accident in which he rolled his van several times. Plaintiff was detained "[due] to the crash and a probation warrant in Lincoln

County." As plaintiff was being placed into the "transport car," he told the officers that he was having pain in his back and shoulder. He was handcuffed with his hands behind his back even though it caused him pain. He asked to be switched to being cuffed with his hands in front, and to be taken to the hospital, but those requests were denied. The officers told plaintiff that if he was really hurt, it would be dealt with at the jail.

When plaintiff arrived at the jail (I infer that plaintiff was taken to the Marathon County Jail), plaintiff told staff that he was in an accident and needed to go to the hospital. Plaintiff was told that "they'll get to me," but plaintiff spent a day in a holding cell and then five days in general population without any attention. Plaintiff submitted "nurse requests" but they were ignored.

Plaintiff was taken to Lincoln County, where he again told "them" about his accident and pain, but he was told that "if it was serious enough they would [have dealt] with it at the scene." Plaintiff states that he wants defendants to pay for his future medical expenses and to be evaluated by a doctor.

ANALYSIS

I take plaintiff to be saying that defendants failed to properly treat his injuries following his car accident. But his allegations are too vague to support claims at this point. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing

party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

I will dismiss plaintiff's complaint because his allegations do not comply with these rules. In particular, he does not explain what each of the named defendants did to violate his rights. For instance, he names Kevin Otrowski, a lieutenant of the Rothschild, Wisconsin Police Department, as a defendant, but does not explain how he was involved in the events discussed in the complaint. Plaintiff also fails to explain how he was harmed by the failure to see a doctor; he does not explain whether he needlessly suffered pain, whether he was injured in some way from the lack of treatment, or whether his injuries healed improperly.

I will give plaintiff a short time to file an amended complaint that explains the basis for his claims. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, plaintiff should state (1) how each of the named defendants was involved in the events discussed in the complaint; (2) and how he was injured by each defendant's actions. If plaintiff does not submit an amended complaint by the deadline set forth below, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Ty A. Hanson's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until August 2, 2016, to submit a proposed amended complaint more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I

will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted.

Entered July 12, 2016.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge